Thomas SCHULTZ, by and through his next friend, Mary Schultz, Mary Schultz, and John Schultz, Jr., Plaintiffs,

v.

Harold MURPHY,
Defendant-Respondent,

and

British Leyland Motors, Inc., Defendant,

and

Charles Schmitt Rolls-Royce,
Defendant-Appellant.

No. 41158.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 29, 1980.

Motion for Rehearing or Transfer to Supreme Court Denied March 14, 1980.

Application to Transfer Denied
April 8, 1980.

Theodore F. Schwartz, Clayton, John M. Goodwin, William W. Evans, St. Louis, for defendant-appellant.

Robert F. Ritter, St. Louis, Murray A. Marks, Clayton, for defendant-respondent.

DOWD, Judge.

This appeal is from the trial court's summary judgment upon a cross-claim, designated as final and appealable pursuant to Rule 81.06.

Appellant and respondent are co-defendants in a negligence action brought by the Schultzes arising from an automobile accident on April 24, 1976. Respondent was the driver of a vehicle which the Schultzes claim collided with the rear of a vehicle driven by their decedent, John Schultz. Appellant is the automobile dealer which allegedly sold John Schultz the vehicle driven at the time of the accident.

On April 24, 1976, John Schultz tendered to appellant a personal check drawn upon his wife's account and signed by his wife in the amount of the purchase price of a used Jaguar XKE. Appellant gave John Schultz a bill of sale, inspection certificate, an assigned and notarized title certificate together with title application, and possession of the vehicle. After the accident on April 24, 1976, John Schultz's wife stopped payment upon her check for the vehicle.

Appellant has counter-claimed against the Schultzes to recover the purchase price of the vehicle driven by their decedent. Additionally, appellant cross-claimed against respondent for damages to the vehicle driven by John Schultz at the time of the accident. The trial court granted respondent a summary judgment upon the latter claim.

This appeal raises the question whether appellant had title to the vehicle driven by John Schultz at the time of the accident so as to permit appellant's claim for damages to the vehicle. We hold appellant did not have title to the vehicle at the time of the accident.

Appellant's argument lies principally upon *Hickerson v. Con Frasier Buick Co.*, 264 S.W.2d 29 (Mo.App.1953). In that case, the administratrix of an estate sued an automobile dealer for converting and taking possession of an automobile allegedly owned by the decedent. The decedent took possession of the new vehicle after tendering his personal checks. The dealer gave decedent a bill of sale and title application. Decedent died the following day, before the dealer deposited the checks. The dealer took possession of the vehicle. Later, payment upon the decedent's checks was refused. However, a title certificate was subsequently issued in decedent's name upon the

application mailed before his death. The court held the sale of the vehicle had not been completed because evidence by the administratrix that the state issued a title certificate in decedent's name did not constitute the necessary clear and cogent evidence to upset the presumption the creditor accepted the check as conditional rather than absolute payment. *Hickerson v. Con Frazier Buick Co., supra* at 33–34 [5–8].

 The above-cited case, however, is readily distinguished from the case at bar. First, the cited case involved the sale of a new rather than used vehicle. In the sale of a used vehicle, the operative fact in the transfer of title is the assignment of title rather than the registration of title or issuance of a new title certificate. *Allstate Ins. Co. v. Northwestern Nat'l Ins. Co.*, 581 S.W.2d 596, 602[6] (Mo.App. 1979). Second, the above-cited case effected a rescission of a sale between the parties to the sale or their privies rather than declaring title void as to a third-party to the sale transaction. We do not believe *Hickerson v. Con Frazier Buick Co., supra*, controls the disposition of the case before us.

Whether appellant's acceptance of a check constituted payment is irrelevant to the issue before us. We are not called upon to determine the propriety of a rescission of the sale transaction or the enforceability of the sale contract. We are only called upon to determine in whom title to the Jaguar was vested at the time of the accident. Whether consideration for the sale transaction failed or was lacking is relevant only to the contractual dispute between appellants and the Schultzes, not to the dispute between appellants and respondents, outsiders to the sale transaction.[1]

 As to used motor vehicles, the fact of ownership is created by delivery of a properly assigned certificate of title. *Allstate Ins. Co. v. Northwestern Nat'l Ins. Co., supra*; § 301.010(21) RSMo Supp.1974. Appellant has conceded it properly assigned and notarized title to John Schultz pursuant to Section 301.210, RSMo 1969, relating to the sale *or transfer* of ownership of a motor vehicle. As to respondents, title was vested in John Schultz at the time of the accident.

The judgment is affirmed.

CRIST and REINHARD, JJ., concur.

---

1. If adequate consideration were necessary to transfer title, any third-party could contest title to vehicles which were the subject of gifts.