**Richard L. JONES, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. 74487.

Supreme Court of Missouri,
En Banc.

June 2, 1992.

Emory Melton, Cassville, for appellant.

William Webster, Atty. Gen., Christopher A. Koster, Asst. Atty. Gen., Jefferson City, for respondent.

COVINGTON, Judge.

Richard L. Jones filed a petition before the Administrative Hearing Commission seeking a redetermination of the Director of Revenue's final decision that Mr. Jones is not due a refund of sales tax under § 144.071, RSMo Supp.1991. The Director moved for summary judgment; Mr. Jones also moved for summary judgment. The Commission sustained the Director's motion and overruled Jones' motion. Mr. Jones appealed. The decision of the Commission is affirmed.

The facts are not in dispute. Mr. Jones purchased a boat, trailer, and two outboard motors from Bass Pro Shops of Springfield. The items of tangible, personal property were new, not previously owned. Mr. Jones made payment and received possession of all items on March 26, 1991. On May 16, 1991, Jones paid sales tax in the amount of $480.47 on the purchases and applied for Missouri certificates of title and registration on each item. The Director issued marine certificates of title to Jones for the boat and two motors on June 7, 1991. The Director issued a certificate of title for the trailer on June 13, 1991.

The boat was defective. After failed attempts to repair the boat, Mr. Jones rescinded the purchase and returned the boat, motors, and trailer to the seller on July 30, 1991. On that date the seller refunded to Jones $10,613.96. On August 8, 1991, Mr. Jones filed a claim for a refund of state and local sales tax. The Director denied the claim on August 30, 1991. Jones then filed his petition before the Commission. The Commission denied Mr. Jones' petition, and this appeal followed.

The issue is whether Mr. Jones is due a refund of sales tax. The question must be resolved by reference to § 144.071, RSMo Supp.1991, which sets forth the procedure under authority of which the Director refunds sales tax paid on a purchase that is later rescinded:

1. In all cases where the purchaser of a motor vehicle, trailer, boat or outboard motor rescinds the sale of that motor vehicle, trailer, boat or outboard motor and receives a refund of the purchase price and returns the motor vehicle, trailer, boat or outboard motor to the seller *within sixty calendar days from the date of the sale,* the sales or use tax paid to the department of revenue shall be refunded to the purchaser upon proper application to the director of revenue.

Section 144.071.1 (emphasis added).

Section 144.010.1(7), RSMo 1991, defines "sale" within the sales and use tax provisions as "... any transfer, exchange or barter, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property for valuable consideration...." [1]

■ The parties agree that § 144.071.1 provides that a purchaser is entitled to a refund of sales tax paid on a motor vehicle, trailer, boat, or outboard motor only if the purchaser returns the property to the seller within sixty days from the date of sale. The parties disagree, however, as to when the sale occurred. Mr. Jones contends that the sale occurred on the dates the Director issued certificates of title for the property. The Director asserts that the sale occurred on March 26, 1991, when Jones gave value for and received possession of the goods.

■ The primary rule of statutory construction requires this Court to ascertain the intent of the legislature by considering the plain and ordinary meaning of the words used in the statute. *Union Elec. Co. v. Director of Revenue,* 799 S.W.2d 78,

79 (Mo. banc 1990). Where the language of the statute is clear and unambiguous, there is no room for construction. *Community Federal Savings and Loan Ass'n v. Director of Revenue,* 752 S.W.2d 794, 798 (Mo. banc 1988). If terms within a tax statute are defined by the legislature, this Court must give effect to the legislature's definition. *St. Louis Country Club v. Administrative Hearing Comm'n,* 657 S.W.2d 614, 617 (Mo. banc 1983).

The language of § 144.010.1(7) is unambiguous. The term "sale" is clearly defined in § 144.010.1(7) as the transfer of tangible personal property for valuable consideration. The plain language of the statute requires this Court to conclude that the sale took place on March 26, 1991, the date Jones paid for and received possession of the boat, trailer, and motors.

Section 144.071.1 expressly conditions the refund of sales tax after recision of a sale upon the purchaser's returning the property to the seller within sixty calendar days from the date of the sale. As Mr. Jones concedes, he did not return the boat, trailer, and motors to the seller until July 30, 1991. Because the sale took place on March 26, 1991, more than sixty days prior to return of the property to the seller, Mr. Jones is not eligible for a refund of sales tax under § 144.071.1.

In contending that the sale of the property did not occur until after the issuance of certificates of title by the Director of Revenue, Mr. Jones relies upon *Schultz v. Murphy, et al.,* 596 S.W.2d 51 (Mo.App.1980), and *Hickerson v. Con Frazier Buick Co.,* 264 S.W.2d 29 (Mo.App.1953). Neither case is applicable. *Schultz* stands for the proposition that the sale of a *used* motor vehicle occurs when the certificate of title is assigned by the seller to the buyer. *Schultz,* 596 S.W.2d at 53; *see also,* § 301.-210, RSMo Supp.1991.

---

1. The definition of the time at which a sale occurs is in accord with the Uniform Commercial Code, which provides:

Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller *completes his performance with ref-* *erence to the physical delivery of the goods,* despite any reservation of a security interest and *even though a document of title is to be delivered at a different time or place....*

Section 400.2–401(2), RSMo 1986 (emphasis added).

*Hickerson* actually supports the Director's position. In *Hickerson* the purchaser purchased from an automobile dealer a new vehicle and paid for the vehicle by check. Before the dealer could cash the check, the purchaser died. The dealer reclaimed the vehicle. Prior to his death, the purchaser had applied for a certificate of title. Subsequently the director of revenue issued the certificate. Based upon the certificate of title, the purchaser's estate asserted a right to the car. The court found that the sale of a new motor vehicle was not complete until the purchaser's check cleared. *Hickerson,* 264 S.W.2d at 34. The certificate of title issued by the Director after the death of the purchaser added nothing to the estate's claim of ownership. *Id.*

In a related point, Mr. Jones contends that the sale of a motor vehicle or trailer is void unless the appropriate certificate of title is delivered to the purchaser. As a consequence, he contends, when motor vehicles or trailers are involved, there can be no "sale" within the meaning of § 144.-071.1 until the purchaser actually receives a certificate of title. Mr. Jones further argues that he could not effectively return the items to the seller until he became the owner by receiving the certificates of title.[2] Mr. Jones relies on § 301.210, *Jackson v. Charlie's Chevrolet, Inc.,* 664 S.W.2d 675 (Mo.App.1984), and *Herbert v. Harl,* 757 S.W.2d 585 (Mo. banc 1988), cases interpreting § 301.210. Mr. Jones' reliance is misplaced. Section 301.210 applies only to the sale of "a motor vehicle or trailer for which a certificate of ownership has been issued;" the statute is without application in the context of a sale of a new vehicle by a dealer. § 301.210.1. As determined above, the term "sale," for the purposes of § 144.071.1, contemplates no more than the physical transfer of tangible property for valuable consideration. There is no requirement, either explicit or implicit, that the transferee obtain a certificate of title.

From the time Mr. Jones obtained actual possession of the goods, he was capable of returning them to the seller within the meaning of § 144.071.1.

The sale of the tangible personal property purchased by Mr. Jones occurred upon transfer of the boat, motors, and trailer to Mr. Jones on March 26, 1991, in exchange for valuable consideration. § 144.010.1(7). Mr. Jones failed to apply for a refund within the sixty day statutory period. He is not, therefore, entitled to a refund of sales tax under § 144.071.

The decision of the Commission is affirmed.

ROBERTSON, C.J., HOLSTEIN, THOMAS and PRICE, JJ., and CROW and CONLEY, Special Judges, concur.

BENTON, J., not sitting.

---

**2.** A purchaser is given sixty days to apply for a title for a boat and motor, § 306.015.1, RSMo 1986; § 306.530.2, RSMo 1986; and thirty days for a trailer. § 306.190.1, RSMo 1986. If Mr. Jones' position were given effect, a purchaser would be permitted a minimum of one hundred twenty days to "return" items, assuming the title issued on the date of application, and, otherwise, a longer period, depending upon the date on which title issued.