Nancy Lee TALBERT, et al., Appellant,

v.

D.W. NEWCOMER'S SONS, INC., Respondent.

No. WD 48063.

Missouri Court of Appeals, Western District.

Feb. 22, 1994.

Samuel S. Zollicker, Cochran, Oswald, McDonald, Graham & Roam, P.C., Blue Springs, for appellant.

Richard S. Magruder, Mirko Bolanovich and Matthew W. Tills, Kansas City, for respondent.

Before LOWENSTEIN, Acting P.J., and FENNER and SMART, JJ.

LOWENSTEIN, Acting Presiding Judge.

This is a review of the trial court sustaining a motion dismissing the appellant's petition for damages. For purposes of review, the facts in the petition, taken as true, show the plaintiff Nancy Talbert (Nancy), and her now deceased husband, entered into a contract with the defendant, D.W. Newcomer's Sons, Inc., (Newcomer's) to purchase two cemetery spaces. Newcomer's conveyed spaces 3 and 4 in a certain lot of its cemetery located in Clay County to the Talberts. Following Mr. Talbert's death, "... in preparation for said funeral services, [Newcomer's] dug the decedent's grave at the wrong Interment Space and, subsequent to said funeral services, Defendant did inter the decedent in the incorrect Interment Space," as discovered by the Talbert's son, Benjamin, also a plaintiff in the suit. Newcomer's prepared another space and, a month later, Benjamin and his sister, Janice Butterfield, also a plaintiff, discovered the second interment "was again in the wrong Interment Space."

The petition alleged negligence on Newcomer's part as well as mental anguish and incurring of travel expenses for the decedent's wife and five children.

Newcomer's suggestions in support of the motion to dismiss stated Robert was now buried in the proper space and based on the following subsections of § 214.208, RSMo Cum.Supp.1993 read with § 1.030.2, it was not legally responsible for the second incorrect burial. The applicable portions of § 214.208 read:

1. Every person or association which owns any cemetery in which dead human remains are buried or otherwise interred is authorized, at the cemetery owner's expense, to disinter individual remains and reinter or rebury the remains at another location within the cemetery in order to correct *an error* made in the *original* burial or interment of the remains. (emphasis added).

4. The cemetery owner shall not be liable to the deceased person's family or to any third party for *a* disinterment, relocation or delivery of deceased human remains made pursuant to this section. (emphasis added).

Section 1.030.2, RSMo 1986 reads:

2. When any subject matter, party or person is described or referred to by words importing the singular number or the masculine gender, several matters and persons, and females as well as males, and bodies corporate as well as individuals, are included. (R.S.1939 §§ 651, 652, as amended L.1957 p. 587 § 1)

Section 1.090,

Words and phrases shall be taken in their plain or ordinary and usual sense, but technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import. (R.S.1939, § 655, as amended L.1949 S.B. No. 1001; L.1957 p. 587 § 1)

■ The trial court's judgment must rise or fall on whether § 1.030.2, which allows the singular subject matter to include the plural, applies here and covers Newcomer's second mistake. *State ex. rel. Crown Coach v. Public Service Commission*, 238 Mo.App. 287, 179 S.W.2d 123, 127 (1944). Section 214.208 would clearly relieve the respondent for the first interment. In interpreting the statute to find the meaning of the legislature, this court must "consider the plain and ordinary meaning of the terms." *Morton v. Brenner*, 842 S.W.2d 538, 541 (Mo. banc 1992). "Where the language of the statute is clear and unambiguous, there is no room for construction." *Jones v. Director of Revenue*, 832 S.W.2d 516, 517 (Mo. banc 1992).

There is no ambiguity in the relevant portions of § 214.208. The language of § 214.-208 is clear that an error "in the original burial or interment" in § 214.208.1 will not hold the cemetery owner liable for "a disinterment" to correct that error, § 214.208.4. Any other interpretation, whether using the auspices of § 1.030 or not, would distort the legislative language to only relieve liability for the first, original, wrongful burial.

Without comment on the merits of the underlying suit, the court reverses the judgment and remands the case for trial.

All concur.