The Honorable Henry Rizzo State Representative, District 40 State Capitol Building Jefferson City, MO 65101
and
The Honorable Bill Skaggs State Representative, District 31 State Capitol Building Jefferson City, MO 65101
Dear Representative Rizzo and Representative Skaggs:
Each of you has requested an opinion of this office concerning the investment of surplus funds of a school district. The question posed by each of you is:
 May the surplus funds of a school district existing pursuant to Chapter 162 RSMo be invested by the school board in such district in an insured money market or mutual fund that invests solely in (i) bonds of the State of Missouri or of the United States, or of any wholly-owned corporation of the United States, (ii) other short-term obligations of the United States, or (iii) any other instrument permitted under state law for the investment of state funds?
Section 165.051, RSMo 1994, sets forth the permissible investments for surplus funds of a school district. Such section provides:
 165.051. Investment of surplus funds. — If any school district has money in the teachers', incidental, or debt service fund not needed within a reasonable period of time for the purpose for which the money was received, the school board in the district, if it deems it advisable, may invest the funds in either open time deposits or certificates of deposit secured under the provisions of sections 110.010 and 110.020, RSMo; or in bonds, redeemable at maturity at par, of the state of Missouri, of the United States, or of any wholly owned corporation of the United States; or in other short term obligations of the United States, including any instrument permitted by law for the investment of state moneys. No open time deposits shall be made or bonds purchased to mature beyond the date that the funds are needed for the purpose for which they were received by the school district. No funds shall be invested by any district which does not provide a school term of nine months. Interest accruing from the investment of the surplus funds in such deposits or bonds shall be credited to the fund from which the money was invested. [Emphasis added.]
Section 165.051 enumerates certain permissible investments for surplus funds of a school district and further refers to "any instrument permitted by law for the investment of state moneys." Article IV, Section 15 of the Missouri Constitution, and Section30.260, RSMo 1994, relate to the investment of state moneys. Article IV, Section 15 authorizes state moneys to be invested as follows:
 Section 15. State treasurer — duties — custody, investment and deposit of state funds — duties limited — nonstate funds to be in custody and invested by department of revenue — nonstate funds defined. . . . the state treasurer shall deposit all moneys in the state treasury in banking institutions selected by him and approved by the governor and state auditor, . . . . The state treasurer shall determine by the exercise of his best judgment the amount of moneys in his custody that are not needed for current expenses and shall place all such moneys on time deposit, bearing interest, in banking institutions in this state selected by the state treasurer and approved by the governor and state auditor or in obligations of the United States government or any agency or instrumentality thereof maturing and becoming payable not more than three years from the date of purchase. In addition the treasurer may enter into repurchase agreements maturing and becoming payable within ninety days secured by United States Treasury obligations or obligations of United States government agencies or instrumentalities of any maturity, as provided by law. The investment and deposit of state, United States and nonstate funds shall be subject to such restrictions and requirements as may be prescribed by law. Banking institutions in which state and United States funds are deposited by the state treasurer shall give security satisfactory to the governor, state auditor and state treasurer for the safekeeping and payment of the deposits and interest thereon pursuant to deposit agreements made with the state treasurer pursuant to law. . . . As used in the section, the term "banking institutions" shall include banks, trust companies, savings and loan associations, credit unions, production credit associations authorized by act of the United States Congress, and other financial institutions which are authorized by law to accept funds for deposit or which in the case of production credit associations, issues securities. . . .
Section 30.260 provides in part:
 30.260. Time and demand deposits — investments — interest rates. —
* * *
 2. The state treasurer shall place the state moneys which he has determined are not needed for current operations of the state government on time deposit drawing interest in banking institutions in this state selected by him and approved by the governor and the state auditor, or place them outright of by repurchase agreement in obligations described in section 15, article IV, Constitution of Missouri, as he in the exercise of his best judgment determines to be in the best overall interest of the people of the state of Missouri. . . . The state treasurer may also place state moneys which he has determined are not needed for current operations of the state government in linked deposits as provided in sections 30.750
to 30.765.
* * *
 4. The state treasurer may subscribe for or purchase outright or by repurchase agreement obligations of the United States government of the character described in subsection 2 of this section which he, in the exercise of his best judgment, believes to be the best for investment of state moneys at the time . . . . The state treasurer may bid on subscriptions for such obligations in accordance with his best judgment. . . .
 5. As used in this chapter, except as more particularly specified in section 30.270, obligations of the United States shall include securities of the United States Treasury, and United States agencies or instrumentalities as described in section 15, article IV, Constitution of Missouri. The word "temporarily" as used in this section shall mean no more than six months.
The information included with your opinion requests contains the following description of the insured money market fund and mutual fund that are the subject of your question.
 The School District has been approached by representatives of certain management investment companies. One company offers a mutual fund comprised entirely of bonds of the State of Missouri. The bonds are insured as to payment of principal and interest and rated "AAA" by Standard Poor's Corporation and/or Moody's Investors Services. Another company offers a money market fund that invests solely in United States government: securities, including direct obligations of the U.S. Treasury such as U.S. Treasury bills, notes and bonds, and obligations of U.S. government agencies or instrumentalities such as Federal Home Loan Banks, the Government National Mortgage Association, and the Federal National Mortgage Association.
From the information you provided, your question apparently relates to a school district investing in an insured money market fund or a mutual fund, both of which hold bonds of the State of Missouri or United States government securities, including obligations of United States government agencies or instrumentalities. The school district would not directly own the bonds of the State of Missouri or United States government securities but would own shares of the fund and the fund would be the owner of the bonds or securities. Ownership of shares of such a fund is not authorized by Section 165.051, by Article IV, Section 15, or by Section 30.260.
The primary rule of statutory construction is to ascertain the intent of the legislature by considering the plain and ordinary meaning of the words used in the statute and, where the language of the statute is clear and unambiguous, there is no room for construction. Jones v. Director of Revenue, 832 S.W.2d 516,517 (Mo. banc 1992). Under the rule that the express mention of one thing implies the exclusion of another, where special powers are expressly conferred or special methods are expressly prescribed for the exercise of the power, other powers and procedures are excluded. Brown v. Morris, 290 S.W.2d 160, 166
(Mo. banc 1956). In the situation about which you are concerned, Section 165.051 (which incorporates certain provisions of ArticleIV, Section 15 of the Missouri Constitution and certain provisions of Section 30.260) specifies the permissible investments for surplus funds of a school district. Neither an insured money market fund nor a mutual fund as described in your opinion requests is among the enumerated permissible investments. Because the statute enumerating permissible investments for surplus funds of a school district does not include among the permissible investments an insured money market fund or a mutual fund, we conclude a school district may not invest surplus funds in such funds.
CONCLUSION
It is the opinion of this office that a school district may not invest surplus funds in an insured money market fund or a mutual fund because such funds are not included among the permissible investments enumerated in Section 165.051, RSMo 1994.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General