Bob NALL, Appellant,

v.

## HIGHWAY and TRANSPORTATION EMPLOYEES' and HIGHWAY PATROL RETIREMENT SYSTEM, Respondent.

### No. WD 53136.

Missouri Court of Appeals,
Western District.

Feb. 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 1, 1997.

Application to Transfer Denied
May 27, 1997.

William R. Robb, Price, Fry & Robb, P.C., Springfield, for appellant.

Dan Pritchard, Sr., Katharine M. Hickel, Assistant Counsels, Rich Tiemeyer, Chief Counsel, Jefferson City, for respondent.

Before ULRICH, C.J., P.J., and BERREY and EDWIN H. SMITH, JJ.

ULRICH, Chief Judge, Presiding Judge.

Bob Nall appeals the summary judgment entered in favor of the Highway and Transportation Employees' and Highway Patrol Retirement System (Retirement System) in his declaratory judgment action. The issue presented is whether Mr. Nall, a "radio personnel" for the Missouri State Highway Patrol before his retirement, was a uniformed member of the Highway Patrol and is thereby entitled to additional retirement benefits. The judgment of the trial court is affirmed.

Mr. Nall was employed by the Missouri State Highway Patrol (Patrol) from March 1, 1966, through September 1, 1994, in the position of radio personnel. The Patrol classifies its employees as uniformed members, uniformed civilians, or civilians. Radio personnel are classified by the Patrol as uniformed civilians. Upon his retirement from the Patrol, Mr. Nall filed a petition for declaratory judgment seeking additional retirement benefits under section 104.090.1 [1]. Section 104.090.1 provides for a thirty-three and one-third percent increase in the normal annuity for uniformed members of the patrol. § 104.090.1. It also provides for an additional sum of ninety dollars per month until the age of sixty-five years for uniformed members. *Id.* Mr. Nall argued that because as radio personnel he was required to wear a uniform, he was a uniformed member of the patrol and, thus, is entitled to the additional retirement benefits.

The Retirement System filed a motion for summary judgment contending that the definition of uniformed members of the highway patrol found in section 104.010.1(34) did not include radio personnel. The trial court granted the motion for summary judgment, and this appeal followed.

## STANDARD OF REVIEW

■ Appellate review of the grant of summary judgment is *de novo. ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.*

■ Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. Facts asserted in affidavits or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* at 376. A defending party may establish a right to judgment as a matter of law by showing any one of the following: (1) facts that negate any one of the elements of the claimant's cause of action; (2) the non-movant, after an adequate period of discovery, has not and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* at 381.

■ Once the movant has established a right to judgment as a matter of law, the non-movant must show that one or more of the material facts shown by the movant not to be in dispute is, in fact, genuinely disputed. *Id.* The non-moving party may not rest upon the mere allegations and denials of the pleadings, but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *Id.; Reeves v. Keesler*, 921 S.W.2d 16, 19 (Mo.App.1996).

## UNIFORMED MEMBERS OF THE HIGHWAY PATROL

■ On appeal, Mr. Nall claims that the trial court erred in granting the Retirement System's summary judgment motion. He claims that the Retirement System was not entitled to judgment as a matter of law because section 104.010.1(34), which defines uniformed members of the highway patrol for purposes of the retirement system statute and does not include radio personnel, is ambiguous and must be construed with other sections of Chapter 104 as well as Chapters

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

36[2] and 43[3]. He relies on the rule of statutory construction that states that statutes *in pari materia* must be construed together to shed light on their meanings.

■ The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words in their plain and ordinary meaning. *Jones v. Director of Revenue,* 832 S.W.2d 516, 517 (Mo. banc 1992); *Estate of Asay v. Asay,* 902 S.W.2d 876, 880 (Mo.App.1995). Where the language of the statute is clear and unambiguous, there is no room for construction. *Id.* In determining whether a statute is clear and unambiguous, the standard is whether the statute's terms are plain and clear to one of ordinary intelligence. *Wolff Shoe Co. v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988); *Asay,* 902 S.W.2d at 880. If the terms of a statute are defined by the legislature, effect must be given to the legislature's definition. *Jones,* 832 S.W.2d at 517. The legislature's own construction of its language by means of definition of the terms employed should be followed in the interpretation of the statute to which it relates, supersedes the commonly accepted dictionary or judicial definition, and is binding on the courts. *Labor's Educational and Political Club—Independent v. Danforth,* 561 S.W.2d 339, 346 (Mo. banc 1977).

The language of section 104.010.1(34) is unambiguous, and the rule of construction relied upon by Mr. Nall is inapplicable. The term "uniformed members of the highway patrol," as used in section 104.090.1, is clearly defined in section 104.010.1(34) as "the superintendent, lieutenant colonel, majors, captains, director of radio, lieutenants, sergeants, corporals, and patrolmen of the Missouri state highway patrol who normally appear in uniform." § 104.010.1(34). Radio personnel are not included within the definition. Thus, radio personnel are not entitled to additional retirement benefits under section 104.090.1 as uniformed members of the highway patrol. The Retirement System was, therefore, entitled to judgment as a matter of law.

Additionally, Mr. Nall failed to show that a material fact was genuinely disputed. In its motion for summary judgment, the Retirement System alleged that Mr. Nall was never employed by the Patrol in the position of superintendent, lieutenant colonel, major, captain, director of radio, lieutenant, sergeant, corporal, or patrolman. It further alleged that Mr. Nall was employed by the Patrol as a radio personnel. In his response to the motion, Mr. Nall admitted these allegations. There being no genuine dispute of a material fact, the trial court properly granted the Retirement System's summary judgment motion.

The judgment of the trial court is affirmed.

All concur.

---

**2.** Chapter 36 is the State Personnel Law (Merit System).

**3.** Chapter 43 establishes the State Highway Patrol.