Dr. Robert E. Bartman Commissioner of Education Department of Elementary and Secondary Education P.O. Box 480 Jefferson City, MO 65102-0480
Dear Dr. Bartman:
This opinion is in response to your questions asking:
 1. Under subsection 2 of CCS for HS for HCS for SCS for SB 394 (SB 394), could the school district board of education take a tax roll back under section 164.013 (Proposition C) so that the district's levy is less than two dollars and eighty-five cents and continue to qualify for extended time for repayment over the five-year period provided under Subsection 8 of section 165.011 of SS No. 2 for HCS for HB 889 (HB 889) as long as the amount generated was sufficient to repay the amount of state aid to be deducted?
 2. Must a district continue to levy to taxpayers the greater of two dollars and eighty-five cents if that amount exceeds the levy which produces an increase in total state and local revenues as determined by the Department of Elementary and Secondary Education which is equal to or greater than the amount of state aid to be deducted pursuant to subsection 8 of section 165.011, RSMo, in order to qualify for the extended repayment period authorized under HB 889?
Factually, our understanding, as communicated in your request, is that a school district expended monies from its incidental fund in the 1997-98 and 1998-99 school years for capital projects in excess of what it was authorized to transfer to the capital projects fund. The funds were used to complete building projects. Under then applicable provisions of state law, the Department of Elementary and Secondary Education was required to deduct the amount of excess expenditures from the district's state aid during the following fiscal year as a penalty.
In the 1999 legislative session, HB 889 and SB 394 were passed. HB 889 provides a five year repayment period for a school district that made an improper transfer of funds from the incidental fund to the capital projects fund. SB 394 requires that the extended repayment period not be allowed unless:
 [T]he voters of such district approve an operating levy increase to the greater of two dollars and eighty-five cents or the levy which produces an increase in total state and local revenues as determined by the department of elementary and secondary education which is equal to or greater than the amount of state aid to be deducted pursuant to subsection 8 of § 165.011, RSMo, by April 30, 2000.
The school district has obtained voter approval of an operating levy increase to $2.85. However, with the Proposition C rollback (§ 164.013, RSMo), the levy actually paid by the taxpayers is less than $2.85.
 I.
Your first question appears to ask whether the school district qualifies for the five-year repayment period by increasing its authorized operating levy to $2.85, or must the adjusted operating levy (after Proposition C rollback and other adjustments), the amount actually levied to the taxpayer, be $2.85. To answer this question, we must determine whether the term "operating levy," as used in SB 394 (codified at section165.015, RSMo Supp. 1999), means the authorized operating levy or the adjusted operating levy. If it means the adjusted levy, then it may be necessary for the school district to pass another ballot issue prior to April 30, 2000, that would increase the levy actually paid to $2.85.
When interpreting statutes, the intent of the legislature must be ascertained by considering the plain and ordinary meaning of the words used in the statute. Jones v. Director of Revenue,832 S.W.2d 516, 517 (Mo.banc 1992). The term "operating levy for school purposes" is defined at section 163.011(13), RSMo Supp. 1999. It states in pertinent part:
 For districts making transfers pursuant to subsection 4 of section 165.011, RSMo, based upon amounts multiplied by the guaranteed tax base, or making payments or expenditures related to obligations made pursuant to section 177.088, RSMo, or any combination of such transfers, payments or expenditures, means the sum of tax rates levied for teachers' and incidental funds plus the operating levy or sales tax equivalent pursuant to section 162.1100, RSMo, of any transitional school district containing the school district, in the payment year, and, for other districts, means the sum of tax rates levied for incidental, teachers', debt service and capital projects funds plus the operating levy or sales tax equivalent pursuant to section 162.1100, RSMo, of any transitional school district containing the school district, with no more than eighteen cents of the sum levied in the debt service and capital projects funds. Any portion of the operating levy for school purposes levied in the debt service and capital project funds in excess of a sum of ten cents must be authorized by a vote of the people, after August 28, 1998, approving an increase in the operating levy, or a full waiver of the rollback pursuant to section 164.013, RSMo, with a tax rate ceiling in excess of the minimum tax rate or an issuance of general obligation bond.
 * * *
According to the statute, the operating levy is essentially the sum of tax rates levied for a variety of school funds. Noticeably absent from this definition is the inclusion of the Proposition C rollback or any other adjustments or reductions. This definition sets forth the elements of a school district's authorized operating levy.
On the other hand, when the legislature has intended for a statute to require an adjusted operating levy, it has used other specific language. For example, in order for a school district to be eligible for increases in state aid the adjusted levy, or amount actually levied, must be at least $2.75. Section 163.021.2, RSMo Supp. 1999, states in pertinent part:
 Beginning with the tax year which commences January 1, 1998, and for the 1998-99 school year and subsequent tax and school years, no school district shall receive more state aid, as calculated under section 163.031 for its education program, exclusive of categorical add-ons, than it received per eligible pupil for the school year 1993-94, unless it has an operating levy for school purposes, as determined pursuant to section 163.011, of not less than two dollars and seventy-five cents after all adjustments and reductions . . .
As can be seen from the plain language of this statute, when the legislature intended for the minimum levy amount for school aid increases to be based on an adjusted levy figure, it specifically used language stating that the minimum qualifying levy amount was to be determined after all adjustments and reductions.
However, the legislature, in enacting SB 394, did not use any language similar in terms, or effect, to that used in section163.021, RSMo Supp. 1999. Rather, the bill only requires that the school district obtain an operating levy increase in order to qualify for the extended repayment period. The omission of language like that found in section 163.021, RSMo Supp. 1999, demonstrates a legislative intent that the term "operating levy" as used in SB 394 refers to the authorized operating levy, as defined in section 163.011(13), RSMo Supp. 1999, rather than an adjusted operating levy.
Accordingly, I conclude that the term "operating levy" as used in SB 394 refers to a school district's authorized operating levy, and not an adjusted levy after adjustments and reductions. Therefore, the school district appears to have complied with SB 394 by obtaining voter approval of an operating levy of $2.85. The amount actually levied does not have to equal or exceed $2.85.
 II.
Your second question appears to ask whether a school district must levy a $2.85 levy to qualify for the extended repayment period if the amount needed to offset the monies to be deducted from state aid requires less than a $2.85 levy. The answer to this question is determined by the plain language of the statute.
SB 394 requires the voters to approve an operating levy to the greater of $2.85 or the levy which produces an increase in total state and local revenues as determined by the department which is equal to or greater than the amount of state aid to be deducted. In other words, the $2.85 levy acts as a floor. Only if the department determines that a levy in excess of $2.85 is needed will the department's determined levy be required for statutory compliance.
Therefore, in this case, if the levy needed to offset the amount of monies to be deducted from state aid is less than $2.85, then the school district's operating levy of $2.85 is what is required to comply with the statute.
 Conclusion
In conclusion, it is the opinion of this office that the term "operating levy" as used in SB 394 refers to the authorized operating levy. Therefore, while the amount actually levied may be less, passage of an operating levy of $2.85 complies with SB 394 and qualifies the school district for the extended repayment period. Further, because the levy needed to offset the monies to be deducted from state aid is less than $2.85, then according to plain language of the statute, the $2.85 levy is required.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General