Peggy McGUIRE, Appellant,

v.

Fred BODE, Respondent.

No. WD 30861.

Missouri Court of Appeals,
Western District.

June 9, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 8, 1980.

---

Richard Huber, Columbia, for appellant.

Robert L. Hyder, Jefferson City, for respondent.

Before WASSERSTROM, C. J., and PRITCHARD and KENNEDY, JJ.

KENNEDY, Judge.

Plaintiff's petition, seeking money damages for fraud, was dismissed by the court upon defendant's motion for failure to state a claim upon which relief could be granted. From that judgment the plaintiff has appealed.

The petition obviously undertakes to state a cause of action for damages for fraud. Neither the motion to dismiss, the court's order sustaining the same, nor respondent's brief points out in what respect or what respects the petition is deficient. We search it, however, to determine whether it does state a cause of action.

*Elements of cause of action for damages for fraud.*

The component parts of a cause of action for damages for fraud are listed in *Yerington v. Riss*, 374 S.W.2d 52, 57 (Mo. 1964). The elements are: (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity . . ; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) the hearer's consequent and proximate injury.

*Contents of petition.*

Leaving out formal parts, the prayer and the first two paragraphs, the petition reads as follows:

"3. On or about April 28, 1978, pursuant to an agreement with Defendant, Plaintiff began to rent and occupy for her personal residence property owned by Defendant at 2118 Louis Circle, Jefferson City, Missouri.

"4. Plaintiff agreed to rent the property based on an understanding that Defendant had no plans to sell the property, that Defendant would be her landlord and that Plaintiff would be allowed to continue her occupancy indefinitely, rent to be paid monthly.

"5. Defendant knew of and encouraged that understanding of Plaintiff and led her to believe that he did not intend to sell the aforementioned property and that Plaintiff could occupy the property as long as she complied with the terms of rental agreed upon by both parties.

"6. Notwithstanding that understanding, Defendant was, during the period of the negotiation of the rental agreement, offering the aforementioned property for sale.

"7. Defendant willfully and knowingly concealed this offer of sale from Plaintiff by refusing to post public notice of the sale and personally arranging for the property to be shown only in Plaintiff's absence.

"8. Such concealment was a fraudulent omission by Defendant of a material fact and said omission along with Plaintiff's reliance on Defendant's implied promise not to sell was a principal inducement to Plaintiff to leave her former home and agree to rent Defendant's property.

"9. Less than one month after Plaintiff began to occupy the aforementioned property, Defendant did sell the property and on or about May 26, 1978, the new owners served an eviction notice on Plaintiff.

"10. Plaintiff's detrimental reliance on Defendant's implied agreement not to sell and Defendant's fraudulent omission of a material fact caused damage to Plaintiff in the form of moving expenses, increased rental costs based on her abandonment of her home and forced rental of new property with time constraints that severely harmed her bargaining position thus forcing her to agree to less advantageous rental terms, various and sundry utility deposit costs and installation charges, various purchases of items incidental to and necessary to her moving of her residence twice within a two months period, mental duress and unnecessary emotional harm."

*Liberality in judging petition as against motion to dismiss for failure to state claim.*

■ We remember that, as against a motion to dismiss for failure to state a claim upon which relief can be granted, the petition is viewed most favorably to the plaintiff, and every reasonable intendment is indulged. If any combination of facts provable thereunder would justify relief to the plaintiff, then the petition is not to be dismissed. *Tyler v. Whitehead*, 583 S.W.2d 240 (Mo.App.1979); *Butler v. Circulus, Inc.*, 557 S.W.2d 469, 472 (Mo.App.1977); *Euge v.*

*Golden*, 551 S.W.2d 928, 931–2 (Mo.App. 1977). We are not concerned at this point with what the evidence may show.

Now to look closely at the plaintiff's petition:

*Particularity of allegations of fraud.*

The petition says that plaintiff agreed to rent defendant's property "based on an *understanding* that defendant had no plans to sell the property, that defendant would be her landlord and that plaintiff would be allowed to continue her occupancy indefinitely, rent to be paid monthly". How plaintiff came to have such a belief the petition does not tell us, but the petition goes ahead to say that defendant knew she had such a belief. It says the defendant "encouraged" that belief and that he "led her to believe" that he did not intend to sell the property, and that she could occupy it so long as she complied with the rental agreement.

■ Allegations of fraud are to be alleged with particularity, according to Supreme Court Rule 55.15. Greater particularity could be required upon defendant's motion. *Euge v. Golden, supra* ; Rule 55.27(d). The generality of the allegations of fraud in this petition do not warrant dismissal, however. *Euge v. Golden, supra; see also Scheibel v. Hillis*, 531 S.W.2d 285 (Mo. banc 1976). The particularity requirement will be waived if not attacked by defendant's motion. *R____ v. M____*, 383 S.W.2d 894, 898–9 (Mo.App.1964).

*Representation of existing fact.*

■ If the petition had simply alleged that defendant promptly sold the property after representing to her that he did not intend to sell it, it would have stated no cause of action at all. His statements would have been merely promissory. The giving of such a promise, even though breached the next day, is not such a fraudulent misstatement of fact as will support an action for tortious fraud. The misrepresentation must be of *existing* fact. *Yerington v. Riss, supra.*

■ The petition, however, goes further than that. It says that defendant, even as he was negotiating with plaintiff to rent the property to her, and even as he was "encouraging" her in her mistaken belief and "leading her to believe" that he had no intention of selling the property, he was intending to sell it and was actually offering it for sale. The allegation is that the defendant knowingly, falsely, willfully misrepresented to the plaintiff his *present state of mind* and his *present intentions* with reference to the sale of the house. One's present state of mind and present intention is held to be an existing fact, the misrepresentation of which, given the further elements of materiality, reasonable or justified reliance by the plaintiff, and her consequent and proximate injury, is actionable as fraud. *Dillard v. Earnhart,* 457 S.W.2d 666, 670–1 (Mo.1970); *Yerington v. Riss, supra* at 57; *Gerich v. General Motors Corp.,* 588 S.W.2d 107, 113–114 (Mo.App. 1979); *Brennaman v. Andes & Roberts Brothers Const. Co.,* 506 S.W.2d 462, 465 (Mo.App.1973).

*Materiality, reliance, consequent injury; uncertainty of damages.*

■ The petition goes ahead to say the fact of plaintiff's present intention or state of mind with reference to the sale of the house was material to the plaintiff and that she relied on defendant's representation. Relying thereon, she entered into an agreement to rent the property and actually moved from her former residence into the newly rented residence, only to learn shortly that the house had been sold and she would have to move again. It further says that she suffered damage as a result of her acting upon the alleged misrepresentations.

The respondent reminds us that the plaintiff rented the house and moved in under a month-to-month tenancy, § 441.060, RSMo 1978, and that her tenancy was subject to termination upon 30 days' notice regardless who the owner was, whether the defendant or his assignee.

It may be that defendant, by referring to this statute and the cases, means to suggest that the plaintiff suffered no injury as a consequence of the alleged fraud—that she got, after all, precisely what she bargained for, to wit, the lease of a certain house under a month-to-month tenancy. The misrepresentation attributed to the defendant, as the argument would run, did not relate to the identity of the house, or to its condition, value, or anything of that kind, but related rather to a collateral matter, namely, defendant's immediate plans to sell the house. It is true that this may make the amount of the damages somewhat nebulous, but it does not necessarily remove the case from the category of compensable damages. *Burch v. Union Life Insurance Co.,* 319 S.W.2d 908, 911–912 (Mo.App.1959); *Thayer-Moore Brokerage Co. v. Campbell,* 147 S.W. 545, 550 (Mo.App.1912). *See also* Anno., "Uncertainty as to Damages", 78 A.L.R. 858 (1932). The amount of damages, though uncertain, may be shown by the evidence to be appreciable. The allegations of the petition are sufficient to supply the "consequent injury" element of a cause of action in fraud. Anno., "Rescission—Necessity of Pecuniary Damage", 106 A.L.R. 125, 164 (1937); McCormick on Damages, § 122 (1935); 2 Sedgwick on Damages, §§ 440–442 (1912). If the evidence leaves the plaintiff's damages entirely to speculation, of course, she will fail. *Burch v. Union Life Insurance Co., supra* at 911. But that is another thing.

The petition is sufficient as against the challenge of a motion to dismiss for failure to state a claim upon which relief may be granted.

The judgment of dismissal is reversed and the cause remanded to the trial court for further proceedings.

All concur.