Verna JACKSON, Plaintiff-Respondent,

v.

CHARLIE'S CHEVROLET, INC., Defendant-Appellant.

No. 46491.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 31, 1984.

Andrew George Neill, St. Louis, for defendant-appellant.

Daniel Keith Barklage, St. Charles, for plaintiff-respondent.

GAERTNER, Presiding Judge.

Plaintiff was awarded actual and punitive damages by a jury in a case submitted on a theory of misrepresentation in violation of the Unlawful Merchandising Act, § 407.010 et seq., RSMo 1978. Defendant first contends on appeal that plaintiff failed to make a submissible case under the Act in that she failed to prove a purchase pursuant to § 407.025, that she failed to prove a misrepresentation of an existing fact and that she failed to prove actual damages. We reverse.

■ In determining whether a submissible case is made, we consider the facts in a light most favorable to plaintiff. *Fain v. G.T.E. Sylvania*, 652 S.W.2d 163, 164 (Mo. App.1983). On March 5, 1980, plaintiff discussed the purchase of a used 1978 Pontiac automobile with one of defendant's salesmen. A price of $5,490 was agreed upon including a trade-in allowance for plaintiff's 1972 Chevrolet. The trade-in was to be the down payment and the balance was to be financed. Plaintiff told defendant's salesman she could get financing from a credit union, but the money would not be available until the third week of March or the first week of April. The salesman promised to hold the car until her financing came through. A form contract was filled out and signed by both parties. Plaintiff paid no earnest money, but gave the salesman the unsigned title to her Chevrolet. She also filled out a credit application with which defendant attempted to obtain earlier financing for her through GMAC and a bank. This proved impossible and plaintiff was so advised on March 7. On March 12 or 13 plaintiff learned the Pontiac had been sold to someone else pursuant to a contract dated March 8, 1980. On March 21, 1980 she agreed to purchase a 1979 Pontiac Bonneville Brougham from another dealer for $6,000. That transaction was consummated on April 4, 1980 with financing obtained from plaintiff's credit union.

Section 407.025 provides a right of action for "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property . . ." Defendant contends plaintiff lacks standing to sue under the statute for the reasons that there was no purchase of the automobile and because she sustained no ascertainable damage. We agree.

■ The purchase and sale of motor vehicles is governed by § 301.210, RSMo

1978. Any attempt to buy or sell a motor vehicle without the delivery of a certificate of ownership properly assigned is void. Section 301.210(4). Without such delivery, no ownership is acquired. *Schultz v. Murphy,* 596 S.W.2d 51, 53 (Mo.App.1980). "Purchase" with regard to merchandise, is defined in Webster's Third New International Dictionary, Unabridged, 1981, as meaning "to obtain by paying money or its equivalent." By signing the contract to purchase the automobile, plaintiff obtained no interest in the automobile. By giving the unsigned certificate of title to her Chevrolet to the salesman, she paid nothing of value.

> "The basic rule of statutory construction is to seek the intention of the legislators and, if possible, to effectuate that intention. *Willis v. American National Life Insurance Co.,* 287 S.W.2d 98, 104 (Mo.App.1956). The legislature is presumed to have intended exactly what it states, and if the language used in the statute is plain and unambiguous, then there is no reason for any construction. *United Air Lines, Inc. v. State Tax Commission,* 377 S.W.2d 444, 448 (Mo. banc 1964).
>
> The language of § 407.025 is plain and unambiguous."

*Schimmer v. H.W. Freeman Construction Co.,* 607 S.W.2d 767, 769 (Mo.App.1980).

By the language of § 407.025, the legislature provided a cause of action for one who purchases, not one who attempts or offers to purchase. Defendant argues that "purchase" as used in the statute should have the same meaning as "sale" which is defined by § 407.010(6) as "any sale, offer for sale, or attempt to sell merchandise for cash or credit." But the legislature did not so define "purchase." The principal thrust of Chapter 407 is directed toward authorizing the Attorney General to enjoin those who sell or attempt to sell merchandise from using unlawful practices. A private cause of action is given only to one who purchases and suffers damage. One who attempts to purchase, but who never receives the goods or services nor pays anything of value cannot be said to have suffered damage by reason of any unlawful practice. That conclusion is borne out in this case. The fact that plaintiff paid more money for a different and newer automobile is certainly not the "ascertainable loss of money or property" required by § 407.025.

If, as the evidence showed, it is a common practice for defendant and other automobile dealers to take multiple contracts to purchase used cars because of the uncertainty of available credit for financing the purchase, such a practice may be subject to action by the Attorney General. If plaintiff had paid any consideration for defendant's promise to hold the car until she obtained financing, she may have a cause of action for breach of contract. But the evidence failed to show her to be either a purchaser or to have sustained an ascertainable loss of money or property. She had no cause of action under § 407.025.

The judgment is reversed.

STEPHAN and SMITH, JJ., concur.