STATE of Missouri, ex rel. William L. WEBSTER, Attorney General of the State of Missouri, Plaintiff–Respondent,

v.

Mike MILBOURN d/b/a Mike Milbourn Contractors, Defendant–Appellant.

No. 54701.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 25, 1988.

workmanlike manner." Defendant admitted that, in addition to this written promise, he personally guaranteed the work performed for each of the witnesses, although the duration of the guarantee varied depending on the nature of the work. In each case, the repairs were not satisfactory in that the witnesses' roofs leaked within two months of the time of repair. The witnesses all notified defendant shortly after the problems manifested themselves. In at least three cases, defendant made no attempt to repair the roofs, while in the other cases, repair attempts were made but were unsuccessful.

The trial court made detailed findings of fact and concluded

Defendant's employment of false and deceptive statements concerning the workmanlike manner in which repairs would be performed for his customers and regarding the scope of warranties or guarantees constitute unlawful practices within the meaning of Section 407.020. Injunctive relief is necessary and proper to prevent Defendant from continuing to engage in similar practices in the future. Restitution will also be awarded to restore to Defendant's customers identified herein the moneys obtained from them by Defendant, subject however to the principle that neither party may be unjustly enriched.

Our standard of review is prescribed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *Id.*

Defendant contends the judgment cannot be sustained because plaintiff failed to establish the elements of common law fraud. It is well settled that under the Merchandising Practice Act, such proof is unnecessary.

The purpose of these statutes is to supplement the definitions of common law fraud in an attempt to preserve fundamental honesty, fair play and right dealings in public transactions. In order to

Norbet M. Reker, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Peter Lumaghi, Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from an order enjoining him from engaging in certain unlawful trade practices and requiring him to pay restitution. We affirm.

In its second amended petition under the Merchandising Practices Act, Chapter 407, RSMo 1986, plaintiff alleged defendant had misrepresented to his customers various oral and written warranties in connection with the sale of roof repair services.

At trial, plaintiff elicited testimony from seven witnesses who contracted with defendant to have their roofs repaired; some of the witnesses also purchased painting, plaster repair and tuckpointing services from defendant. Each witness signed a written contract which specified "contractor will do all ... work in a good and

give broad scope to the statutory protection and to prevent ease of evasion because of overly meticulous definitions, many of these laws such as the Missouri statute "did not attempt to define deceptive practices or fraud, but merely declare unfair or deceptive acts or practices unlawful ..." Commerce Clearing House, Poverty Law Rep., Vol. 1, ¶ 3200, leaving it to the court in each particular instance to declare whether fair dealing has been violated.

*State ex rel. Danforth v. Independence Dodge, Inc.*, 494 S.W.2d 362, 368 (Mo.App. 1973). *See also State ex rel. Ashcroft v. Marketing Unlimited, Inc.*, 613 S.W.2d 440, 445 (Mo.App.1981).

Defendant characterizes the evidence as showing only "arguments" between the witnesses and defendant. However, the record supports a finding that defendant consistently guaranteed the work he performed and consistently failed to satisfy that guarantee. This is the sort of conduct the act was designed to prevent. *See Marketing Unlimited*, 613 S.W.2d at 446.

Defendant next contends the trial court erred in allowing the case to proceed as a class action. The simple answer to this contention is that the case did not proceed as a class action. Rather, the case was instituted and prosecuted by the attorney general pursuant to § 407.100 which provides in part:

> 1. Whenever it appears to the attorney general that a person has engaged in, is engaging in or is about to engage in any method, act, use, practice or solicitation or any combination thereof, declared to be unlawful by this chapter, he may seek and obtain, in an action in a circuit court, an injunction prohibiting such person from continuing such methods, acts, uses, practices, or solicitations, or any combination thereof, or engaging therein, or doing anything in furtherance thereof.

> . . . . .

The witnesses in this case were not parties. Consequently, defendant's argument that they did not meet the class certifica-

tion requirements of § 407.025, RSMo 1986, is without merit.

Finally, defendant contends there was insufficient evidence to support the issuance of an injunction. He casts his point in the following terms: "Was there such a preponderance of the evidence that injunctive relief was necessary to protect the public?"

 Under the act, the only prerequisite to the issuance of an injunction is a finding that the defendant "has engaged in, is engaging in or is about to engage in any ... practice ... declared to be unlawful by [the act]." § 407.100(3), RSMo 1986. Once this finding has been made, potential harm to the public is presumed. *See Independence Dodge*, 494 S.W.2d at 370. As we stated above, there was substantial evidence in this case to support a finding that defendant had engaged in an unlawful practice, and once this finding was made it was within the trial court's discretion to issue an injunction. *State ex rel. Danforth v. W.E. Construction Co.*, 552 S.W.2d 72, 73–4 (Mo.App.1977). We find no abuse of that discretion.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.