James C. REYNOLDS, Appellant,

v.

**DIAMOND FOODS & POULTRY, INC., and Bob Smugala, Respondents.**

No. SC 84433.

Supreme Court of Missouri,
En Banc.

July 23, 2002.

Mitchell B. Stoddard, Max G. Margulis, Margulis Group, Chesterfield, for Appellant.

Roger K. Heidenreich, Robert W. Schmieder, II, St. Louis, Lee R. Elliott, Troy, for Respondents.

Robert Biggerstaff, Mt. Pleasant, SC, Amicus Curiae.

## PER CURIAM.[1]

James C. Reynolds appeals the dismissal of his action against Diamond Foods & Poultry, Inc., and Bob Smugala seeking damages pursuant to 47 U.S.C. section 227, the Telephone Consumer Protection Act (TCPA). The trial court found there was no private right of action in Missouri under the TCPA. Enabling legislation is not necessary to create a private right of action under the TCPA. The judgment is reversed, and the case is remanded.

Reynolds maintains a fax machine at his barbecue restaurant, Reynolds Barbecue, located in St. Louis County. Between November 1 and November 28, 2000, Diamond Foods and Smugala sent four separate, unsolicited facsimile transmissions to the machine. The transmissions included a price list for various meat and fish products offered by Diamond Foods.

---

1. The appeal in this case was originally decided by the Court of Appeals, Eastern District, in an opinion by the Honorable Robert G. Dowd, Jr. Following transfer to this Court, *Mo. Const. article V, section 10,* portions of that opinion are incorporated without further attribution.

Reynolds filed suit seeking statutory damages for violations of the TCPA. Each defendant filed a motion to dismiss. The motions asserted that Reynolds could not maintain an action under the TCPA in the state courts of Missouri because Missouri law did not permit a private right of action under the TCPA without enabling legislation. The motions also contended that the TCPA only applied to "persons" and, therefore, Reynolds Barbecue could not recover under the TCPA because it is an "entity" and not a "person." The trial court granted Diamond Foods and Smugala's motion to dismiss finding no private right of action in Missouri under the TCPA.[2]

As noted in *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993), a motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

In 1991, Congress amended the Communications Act of 1934, 47 U.S.C. section 201 *et seq.*, with the enactment of the TCPA.[3] The TCPA was enacted to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile ( [f]ax) machines and automatic dialers." S.Rep. No. 102–178, at 1 (1991), *reprinted in* 1991 U.S.C.C.A.N.1968.

The relevant section of the TCPA provides:

A person or entity may, *if otherwise permitted by the laws or rules of court of a State,* bring in an appropriate court of that State: (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions.

47 U.S.C. Section 227(b)(3) (emphasis added). If the court finds that the violation was willful or knowing, it has the discretion to award an amount three times the amount specified above. *Id.*

The parties contest the meaning of the phrase "if otherwise permitted by the laws or rules of court." Diamond Foods interprets this language to mean that before a plaintiff can bring suit under the TCPA in a court of this state, Missouri must enact specific enabling legislation to "opt-in" to the TCPA. On the other hand, Reynolds argues that the statutory language refers to the absence of jurisdictional barriers and does not require a state to "opt-in" to the TCPA because the TCPA "does not condition the substantive right to be free from unsolicited faxes on state approval," citing *Int'l Science & Tech. In-*

---

2. To the extent the court below relied on Diamond Foods and Smugala's argument that Reynolds Barbecue is not a "person" within the protection of the TCPA, such reliance was error. Diamond Foods concedes this point because "person" includes "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." 1 U.S.C. section 1.

3. The TCPA was a response to many states expressing a desire for federal legislation to regulate interstate telemarketing calls to supplement their restrictions on intrastate calls.

stitute, Inc. v. Inacom Communications, Inc., 106 F.3d 1146, 1156 (4th Cir.1997). There is no Missouri appellate decision construing the TCPA. In construing a federal statute, lower federal court opinions construing a federal statute are examined respectfully for such aid and guidance as may be found therein. Wimberly v. Labor and Indus. Relations Com'n of Missouri, 688 S.W.2d 344, 347 (Mo. banc 1985).[4]

The leading federal case directly addressing the "if otherwise permitted" language of the TCPA is Int'l Science. The plaintiff in Int'l Science brought a TCPA claim in federal district court, which dismissed the action finding that only state courts had jurisdiction to hear private TCPA claims. Id. at 1150–51. In Int'l Science, the court found that the TCPA does create a private right of action for violations of the act, but that state courts have exclusive jurisdiction over such causes of action. Id. The plaintiff argued that interpreting the TCPA to authorize exclusive jurisdiction in state courts would violate the Equal Protection Clause of the Fourteenth Amendment because the authorization is conditioned on the phrase "if otherwise permitted by the laws or rules of court of a State." Id. at 1155–56. The court rejected this interpretation of the "if otherwise permitted" language, and held specifically that:

> The clause in 47 U.S.C. [Section] 227(b)(3) "if otherwise permitted by the laws or rules of court of a State" does not condition the substantive right to be free from unsolicited faxes on state approval.

**4.** To the extent Fox v. McDonnell Douglas Corp., 890 S.W.2d 408, 410 (Mo.App.1995) suggests such decisions are binding, it is overruled.

**5.** The Third, Fifth, Ninth, and Eleventh Circuits also have followed the holding in Int'l Science. See ErieNet, Inc. v. Velocity Net,

Id. at 1156.

Int'l Science was adopted by the Second Circuit in Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Svcs., Ltd., 156 F.3d 432 (2nd Cir.1998).[5] In Foxhall, the Second Circuit was faced with the same jurisdictional question and Equal Protection Clause challenge to the TCPA that the Fourth Circuit faced in Int'l Science. Id. at 438. The Second Circuit found exclusive jurisdiction over individual TCPA claims in state courts. Id. The Second Circuit quoted Int'l Science and expressly held that there was no requirement for a state to "opt-in" to the TCPA because the statute "does not condition the substantive right to be free from unsolicited faxes on state approval." Foxhall, 156 F.3d at 438.

Other states have followed Int'l Science. See Kaplan v. Democrat and Chronicle, 266 A.D.2d 848, 698 N.Y.S.2d 799, 800 (1999); Worsham v. Nationwide Ins., 138 Md.App. 487, 772 A.2d 868, 874 (App.2001); Hooters of Augusta, Inc. v. Nicholson, 245 Ga.App. 363, 537 S.E.2d 468, 470 (App., 2000) (en banc). This Court also finds the approach taken in Int'l Science persuasive and holds that the TCPA does not condition the right to bring a private cause of action under it on a state's adoption of specific legislation permitting such suits. Suit may be brought unless a state does not otherwise permit such a suit. Missouri law does not prohibit the filing of an action under the TCPA. Reynold's petition states a cause of action under the statute. Therefore, the trial

Inc., 156 F.3d 513, 520 (3rd Cir.1998); Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507, 509 (5th Cir.1997); Murphey v. Lanier, 204 F.3d 911, 912–13 (9th Cir.2000); Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287, 1289, modified, 140 F.3d 898 (11th Cir.1998).

court erred in dismissing Reynolds' petition.

The judgment is reversed, and the case is remanded.

LIMBAUGH, C.J., WHITE, WOLFF, BENTON, LAURA DENVIR STITH and PRICE, JJ., concur.

TEITELMAN, J., not participating.