Marcia S. CLEMENT, Appellant,

v.

ST. CHARLES NISSAN,
INC., Respondent.

No. ED 81667.

Missouri Court of Appeals,
Eastern District,
Division One.

April 22, 2003.

Mitchell B. Stoddard, St. Louis, for Appellant.

Zora Manjencich, Herzog, Crebs & McGhee, LLP, St. Louis, for Respondent.

GEORGE W. DRAPER III, Judge.

Marcia S. Clement (hereinafter, "Clement") claims she was induced fraudulently into entering a car lease with St. Charles Nissan, Inc. (hereinafter, "SCN"). Clement brought suit against SCN alleging it violated the Merchandising Practices Act, Chapter 407 RSMo (2000), et seq.[1] SCN filed a motion to dismiss based on a lack of damages suffered by Clement. The trial court granted SCN's motion; this appeal follows.

Clement entered into a lease agreement with SCN for a Volkswagen Beetle. Clement states that before she signed the lease, SCN's sales representative guaranteed she could return the vehicle at any time prior to the lease termination date without a penalty, if she entered a five-year lease term. Based upon that guarantee, Clement agreed to execute the five-year lease.

Several months later, Clement attempted to return the car and terminate the lease. However, the same sales representative and others at SCN told her she could not terminate the lease without incurring a substantial penalty. Clement continued to make payments on the lease so as to avoid the substantial penalty.

Clement filed suit against SCN claiming SCN violated the Merchandising Practices Act.[2] SCN filed a motion to dismiss, arguing that Clement's petition failed to state a claim because she did not allege an ascertainable loss of money or property. The trial court granted SCN's motion. Clement appeals.

A motion to dismiss is an attack on the petition and is solely a test of the adequacy of that pleading. *Reynolds v. Diamond Foods & Poultry, Inc.*, 79 S.W.3d 907, 909 (Mo. banc 2002); *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). When reviewing a motion to dismiss, we assume that all of plaintiff's allegations are true and liberally grant plaintiff all reasonable inferences therefrom to determine if any ground for relief is stated. *In re Estate of Clark*, 83 S.W.3d 699, 702 (Mo.App. W.D.2002). We review the petition "to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Reynolds*, 79 S.W.3d at 909.

Clement argues the trial court erred in granting SCN's motion to dismiss by failing to recognize that she incurred damages by continuing to make her lease payments when she was unable to terminate her lease due to SCN's alleged fraudulent representations. We agree.

The Merchandising Practices Act was created to supplement the definition of common-law fraud. *State ex rel. Danforth v. Independence Dodge, Inc.*, 494 S.W.2d 362, 368 (Mo.App.K.C.Dist.1973). It attempts to preserve fundamental honesty, fair play and right dealings in public transactions. *Id.* "The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful

---

1. All further statutory references are to RSMo (2000) unless otherwise indicated.

2. Clement also brought a claim for common law fraud which is not at issue in this appeal.

practice." Section 407.020.1. There is no definitive definition of deceptive practices. *State ex rel. Webster v. Areaco Inv. Co.,* 756 S.W.2d 633, 635 (Mo.App. E.D.1988). Section 407.020 is broad in scope in order to prevent evasion by overly meticulous definitions; the determination of whether fair dealing has been violated turns on the unique facts and circumstances of each case. *Id.* "It is not necessary in order to establish 'unlawful practice' to prove the elements of common law fraud." *Id.*

Taking into account our standard of review for a motion to dismiss, this Court believes Clement adequately pleaded her cause of action. *See Clark,* 83 S.W.3d at 702. Assuming all of her allegations are true and granting all reasonable inferences therefrom, Clement alleged that SCN has committed a violation of the Merchandising Practices Act. Clement stated SCN's sales representative affirmatively told her that she would not be subject to a penalty if she decided to terminate the five-year lease early. This statement induced her into signing the lease with SCN. Yet, when she attempted to act upon the sales representative's guarantee, she was informed she would incur a substantial penalty for termination of her lease. The use of "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact" to induce Clement into signing a five-year lease with SCN would violate the Merchandising Practices Act. Section 407.020.1.

■ "Once the court finds that a violation of the Act has occurred or is about to occur, irreparable harm and harm to the public are presumed." *State ex rel. Nixon v. Beer Nuts, Ltd.,* 29 S.W.3d 828, 837–38 (Mo.App. E.D.2000)(citing *State ex rel. Webster v. Milbourn,* 759 S.W.2d 862, 864

(Mo.App. E.D.1988)) [3]. Due to the alleged violation of the Merchandising Practices Act, Clement states she has suffered damages in the form of her continued lease payments. Under our standard of review, Clement adequately pleaded a violation of the Merchandising Practices Act. Clement also adequately pleaded monetary damages in that she had been compelled to continue her lease payments in order to avoid the consequences of SCN's misrepresentation to her.

Clement's continued lease payments, or a portion thereof, could be considered damages. *See McLane v. Wal–Mart Stores, Inc.,* 10 S.W.3d 602 (Mo.App. E.D.2000)(explaining various damage calculations following landlord-tenant dispute of cost of repairs to leased property); *High Life Sales Co. v. Brown–Forman Corp.,* 823 S.W.2d 493 (Mo. banc 1992)(determining loss of profits in action for alleged wrongful termination of distribution agreement were factual issues for jury). "It is true that this may make the amount of damages somewhat nebulous, but it does not necessarily remove the case from the category of compensable damages." *McGuire v. Bode,* 607 S.W.2d 165, 168 (Mo.App. W.D.1980)(citing *Burch v. Union Life Insurance Co.,* 319 S.W.2d 908, 911–12 (Mo.App.K.C.Dist.1959); *Thayer–Moore Brokerage Co. v. Campbell,* 164 Mo. App. 8, 147 S.W. 545, 550 (Mo.App. K.C.Dist.1912)). Whether Clement can present evidence to show the amount of her damages is a question of fact to be tested by summary judgment or trial, not by a motion to dismiss. *McGuire,* 607 S.W.2d at 168.

The petition is sufficient to survive the motion to dismiss. *Nazeri,* 860 S.W.2d at 306. Holding otherwise would preclude

**3.** These cases form the support for the issuance of an injunction in a Merchandising Practices Act case that is brought typically by the attorney general.

litigation under the Merchandising Practices Act in similar situations; thereby contravening the original purpose of the legislation. Since this point is dispositive, we need not address the remainder of Clement's points on appeal.

The judgment of the trial court is reversed.

ROBERT G. DOWD, JR., P.J., concurs and MARY K. HOFF, J., dissents.

MARY K. HOFF, Judge, dissenting.

I respectfully dissent. I would affirm the trial court's judgment granting St. Charles Nissan's, Inc. motion to dismiss based on the fact that Clement has not sufficiently alleged that she has sustained any damages.

As indicated in the majority opinion, Count I of Clement's petition alleges a cause of action under Chapter 407 RSMo (2000), the Merchandising Practices Act. Under Count II, Clement alleges fraud on the part of St. Charles Nissan, Inc.; that she was damaged; and requests actual and punitive damages. Other than mentioning that she has continued to make payments on the car lease, Clement does not state any loss. I do not believe that her continued lease payments are "an ascertainable loss of money or property" as required under the Merchandising Practices Act or are damages under a fraud claim; a private cause of action is given only to one who purchases and suffers damages. *See Jackson v. Charlie's Chevrolet, Inc.*, 664 S.W.2d 675 (Mo.App.E.D.1984). Clement's lease payments and retention of the car are the benefit of the bargain under the signed lease. There has been no rescission of the lease or enforcement of a penalty. Under the circumstances of this case, I believe that merely alleging that continued lease payments are damages is not sufficient to survive a motion to dismiss.