**Ed ZMUDA, Appellant,**

v.

**CHESTERFIELD VALLEY POWER SPORTS, INC., Respondent.**

No. ED 90788.

Missouri Court of Appeals, Eastern District, Division Three.

June 10, 2008.

Application for Transfer to Supreme Court Denied July 28, 2008.

Application for Transfer Denied Nov. 25, 2008.

David G. Wasinger, St. Louis, MO, Mark Wasinger, Hannibal, MO, for appellant.

John J. Gates, Kansas City, MO, for respondent.

Before ROY L. RICHTER, P.J., CLIFFORD H. AHRENS, J., and GLENN A. NORTON, J.

PER CURIAM.

Ed Zmuda ("Zmuda") appeals the judgment of the trial court granting the motion to dismiss of Chesterfield Valley Power Sports, Inc. ("Chesterfield Valley") with prejudice. Zmuda argues the trial court erred in granting Chesterfield Valley's motion because he stated a claim upon which relief can be granted for violation of section 484.020 RSMo (2000)[1] and the Missouri Merchandising Practices Act, section 407.010, et seq. We reverse and remand.

Zmuda filed a class action petition stemming from his purchase of an all-terrain vehicle ("ATV") from Chesterfield Valley. In connection with Zmuda's purchase of the ATV, Chesterfield Valley charged him a document preparation fee of $65.00. Zmuda alleged this fee constituted the unauthorized practice of law or engagement in the law business, in violation of section 484.020. He also alleged that Chesterfield Valley violated the Missouri Merchandising Practices Act, section 407.010, et seq. Chesterfield Valley filed a motion to dismiss Zmuda's petition for failure to state a claim. The trial court granted Chesterfield Valley's motion and dismissed Zmuda's petition in its entirety with prejudice. The present appeal followed.

 A motion to dismiss for failure to state a claim upon which relief can be granted is a test of the adequacy of the petition. *S & P Properties, Inc. v. City of University City,* 178 S.W.3d 579, 581 (Mo. App.2005). On appeal we accept as true all well-pleaded allegations in the petition, and we liberally grant the plaintiff all reasonable inferences therefrom. *Id.* We do not weigh the factual allegations to determine whether they are credible or persuasive. *Id.* Instead, we review the petition almost academically to determine whether the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted. *Id.*

In his first point on appeal, Zmuda claims the trial court erred in dismissing Count I of his petition concerning allegations that Chesterfield Valley engaged in the unauthorized practice of law or engaged in the law business. Zmuda argues charging a fee to prepare documents necessary to purchase an ATV constitutes the practice of law or engaging in the law business.

---

1. All further statutory references are to RSMo (2000).

■ Pursuant to section 484.020.1, no corporation or company shall "engage in the practice of the law or do law business as defined in section 484.010, or both." Section 484.010.1 defines the "practice of the law," which includes, "the drawing of papers, pleadings or documents...." Section 484.010.2 defines "law business" as:

the advising or counseling for a valuable consideration of any person, firm, association, or corporation as to any secular law or the drawing or the procuring of or assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights or the doing of any act for a valuable consideration in a representative capacity, obtaining or tending to obtain or securing or tending to secure for any person, firm, association or corporation any property or property rights whatsoever.

"The judiciary is necessarily the sole arbiter of what constitutes the practice of law." *Eisel v. Midwest BankCentre*, 230 S.W.3d 335, 338 (Mo. banc 2007). Statutes such as sections 484.020 and 484.010 merely aid, but do not supersede or detract from the judiciary's power to define and control the practice of law. *Id.*

The Missouri Supreme court recently discussed whether a corporation's activities constitute the unauthorized practice of law in *Eisel v. Midwest BankCentre*, 230 S.W.3d 335 (Mo. banc 2007). In *Eisel*, the Missouri Supreme Court determined the document preparation fees charged by Midwest BankCentre in connection with real estate financing transactions constituted the unauthorized business of law and violated section 484.020. *Id.* at 336–37. The *Eisel* court specifically noted the forms completed by Midwest BankCentre were a deed of trust, a promissory note, and various other documents depending on the loan involved. *Id.* at 337, n. 3. Al-

though the court continued to say it was not addressing any other "specific documents," neither this language nor any other language in *Eisel* appears to limit actions for the unauthorized practice or business of law to only those cases where a corporation charges a separate fee for preparation of a deed of trust or promissory note. Thus, we must consider whether, considering our standard of review of the grant of a motion to dismiss for failure to state a claim, the fee charged for document preparation in this case constituted the unauthorized practice or business of law.

■ Zmuda's petition alleges that as part of its business of selling ATVs and motorcycles Chesterfield Valley "prepares purchase agreements, invoices, retail installment contracts, title work, financing documents, and other instruments and documents of legal significance, or that affect or relate to rights and title to property." In addition, Zmuda alleges Chesterfield Valley charged "borrowers" document preparation fees for preparation of these documents. The petition also alleges that by charging a document preparation fee to its borrowers, Chesterfield Valley has unlawfully engaged in the practice of law or the doing of law business.

Although Zmuda attached only an invoice reflecting the document preparation fee in connection with his purchase and did not attach any of the other documents he alleges were prepared for the borrowers constituting the class, it could be reasonably inferred from Zmuda's allegations that Chesterfield Valley charged document preparation fees to borrowers for documents relating to the financing and title of the ATVs and other vehicles it sells. Given the nature of the documents alleged to have been prepared for the borrowers making up the class in this case, it is possible that the Supreme Court's analysis

in *Eisel* could apply here. However, we believe such a question is proper for the court to consider following discovery, and not at this early stage. Moreover, during the Rule 52.08 determination of whether to grant or deny class certification, the trial court must also consider whether Zmuda has met the requirements for a class action. Thus, assuming all of the allegations in Zmuda's petition are true, and liberally granting him all reasonable inferences therefrom, we believe Zmuda has stated a claim for the unauthorized practice of law or law business. As a result, the trial court erred in granting Chesterfield Valley's motion to dismiss. Point granted.

In his second point, Zmuda argues the trial court erred in dismissing Count II of his petition, which alleged violation of the Missouri Merchandising Practices Act. Zmuda claims the unauthorized practice of law necessarily constitutes such a violation.

The Merchandising Practices Act ("MPA") serves as a supplement to the common-law definition of fraud. *Clement v. St. Charles Nissan, Inc.*, 103 S.W.3d 898, 899 (Mo.App.2003). Its purpose is to "preserve fundamental honesty, fair play and right dealings in public transactions." Pursuant to section 407.020.1, the "act, use or employment by an person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice." This provision is intentionally broad to prevent "evasion by overly meticulous definitions." *Clement* 103 S.W.3d at 900. We determine whether fair dealing has been violated based upon the particular facts and circumstances of each case. *Id.* It is not necessary to prove the elements of common law fraud in order to establish a violation of the MPA. *Id.*

Zmuda's petition alleges that charging a document preparation fee is a "deception and unfair practice" as the terms are used in the MPA. In this case, assuming all of Zmuda's allegations are true, especially in light of our conclusion that he adequately pleaded a cause of action for improperly engaging in the law business, Zmuda sufficiently pleaded a cause of action for violation of the MPA. Point granted.

The judgment of the trial court is reversed and the cause is remanded.